UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **BRIAN C. DOTY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-7018** |
| **MICHAEL J. ASTRUE**<br>**COMMISSIONER OF SOCIAL SECURITY**<br>**ADMINISTRATION** | **SECTION "D" (3)** |


### REPORT AND RECOMMENDATION

Before the Court is an Application for Attorney Fees under the Equal Access to Justice Act [Doc. #19] and an Unoppose [sic] Motion to Supplement Application for EAJA Fees [Doc. #23] filed by plaintiff, Oralie B. Hawkins, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motions are unopposed. [Doc. #21]. For the reasons stated below, it is RECOMMENDED that the Application for Attorney Fees under the Equal Access to Justice Act [Doc. #19] be GRANTED, in that the Commissioner be ordered to pay attorney's fees in the amount of $3,500.00 (28 hours at $125.00 per hour).[1] It is also RECOMMENDED that the Unoppose [sic] Motion to Supplement Application for EAJA Fees [Doc. #23] be DENIED.

**I.    The EAJA and Number of Hours Claimed**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party

---

[1]    Plaintiff does not seek costs in his petition.

in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

On October 28, 2010, the District Judge entered judgment and remanded this case to the Commissioner for further proceedings [Doc. #17] in accordance with this Court's Report and Recommendation [Doc. #16]. The Commissioner does not contest that plaintiff is the prevailing party and entitled to an award of EAJA fees. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel and has determined that the time spent on the services performed is reasonable. Indeed, the Court recognizes that plaintiff's counsel exercised billing judgment here in that she did not charge for electronically filing pleadings.

**II.     Hourly Rate**

In the petition, plaintiff's attorney seeks to recover fees at an hourly rate of $125.00. For the following reasons, the Court finds that such an hourly rate is appropriate under the EAJA in this district. Louisiana federal courts have noted that the EAJA provides in relevant part that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special

factor. . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, courts within this district have often held that an award of EAJA fees at $125 per hour is appropriate. *See e.g., Passaro v. Barnhart*, No. 04-1300, 2005 WL 1432368 (E.D. La. Mar. 27, 2005) (Barbier, J.) (finding that $125 fee satisfies the purposes of the act); *Buras v. Barnhart*, No. 01-618, 2004 WL 74315 (E.D. La. Jan. 14, 2004) (Zainey, J.) (collecting cases and finding that $125 is the accepted fee in the district); *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533 (E.D. La. June 20, 2003) (Vance, J.) (same); *Jackson v. Barnhart*, No. 01-1911, 2002 WL 927799 (E.D. La. May 7, 2002) (Barbier, J.) (same). Accordingly, the Court finds that $125.00/hour is an appropriate hourly rate under the statute and in this district.

**III.    To Whom Defendant Shall Remit the Award**

Because plaintiff here executed an assignment of the EAJA fees and expenses to his attorney, Monica Ferraro, plaintiff's counsel asks that the Commissioner remit the award directly to her in the Unoppose [sic] Motion to Supplement Application for EAJA Fees [Doc. #23] . The Court denies this motion.

This issue requires little deliberation. In *Astrue v. Ratliff*, the United States Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant" because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to

the United States. – U.S. –, 130 S. Ct. 2521, 2524 (2010). There, the Supreme Court held that the term "prevailing party" in the EAJA refers only to the litigant and not to the litigant's attorney. *Id.* at 2525-26. As Justice Sotomayor explained in her concurring opinion, "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Id.* at 2530 (Sotomayor, J., concurring). Accordingly,

**IT IS RECOMMENDED** that the Application for Attorney Fees under the Equal Access to Justice Act [Doc. #19] be GRANTED, in that the Commissioner be ordered to pay attorney's fees to the litigant, Brian C. Doty, in the amount of $3,500.00 (28 hours at $125.00 per hour).

**IT IS FURTHER RECOMMENDED** that the Unoppose [sic] Motion to Supplement Application for EAJA Fees [Doc. #23] be DENIED.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 11th day of February, 2011.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**